UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASHONTA D. WARREN,

       Plaintiff,                CIVIL ACTION NO. 17-cv-13256

   v.                            DISTRICT JUDGE LINDA V. PARKER

FEDERAL RESERVE BANK       MAGISTRATE JUDGE MONA K. MAJZOUB
OF CHICAGO AND NANCY
BRZEZINSKI,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dashonta D. Warren, proceeding *pro se*, initiated this action against Defendants Federal Reserve Bank of Chicago and Nancy Brzezinski on August 31, 2017, in the Third Judicial Circuit Court in Wayne County, Michigan, asserting state-law claims of breach of trust, breach of contract, and breach of trust with fraudulent intent. (Docket no. 1-3 at 1.) Defendant Federal Reserve Bank of Chicago removed the case to this court on October 4, 2017, pursuant to 28 U.S.C. § 1441(a), and 12 U.S.C. § 632.[1] (Docket no. 1.)

Before the Court is Defendant Federal Reserve Bank of Chicago's Motion to Dismiss (docket no. 2) and Motion to Vacate Post-Removal State Court Writ of Garnishment and for

---

[1] 12 U.S.C. § 632 provides:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Sanctions (docket no. 23).[2]  Plaintiff filed an untimely Response to Defendant's Motions.[3] (Docket no. 32.)  This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 9.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[2] Defendant Brzezinski has not filed a responsive pleading or otherwise appeared in this matter.  Defendant Federal Reserve Bank of Chicago indicates that it does not represent Defendant Brzezinski in this case and that it does not believe that she was ever properly served with the Complaint. (Docket no. 2 at 17 n.1.)

[3] Also pending in this matter are thirteen motions filed by Plaintiff:  (1) Motion for Final Judgment Order Deposited by Special Deposit Under Trust to This United States District Court, Submitted by Declaration Invoking a Special Court of Equity and Invoking the Maximum Laws of Equity with the Intent of Specific Performance, with Specific Direction, for a Specific Purpose and a Tender of Performance Order to the United States District Court Eastern District of Michigan Southern Division to Grant Relief to the Plaintiff (docket no. 7); (2) Motion for Final Judgment Order Deposited by Special Deposit Under Trust to This United States District Court, Submitted by Declaration Invoking a Special Court of Equity and Invoking the Maximum Laws of Equity with the Intent of Specific Performance, with Specific Direction, for a Specific Purpose and a Tender of Performance Order to the United States District Court Eastern District of Michigan Southern Division to Grant Relief to the Plaintiff (docket no. 12); (3) Motion for Final/Summary Judgment and Opposition to the Defendant(s) Response Submitted on Nov. 1, 2017, and a Garnminsment [sic] Grant Order Request Order by Plaintiff(s) Deposited by Special Deposit Under Trust to This United States District Court and Trustee Magistrate Judge Mona K. Majzoub, Submitted by Declaration Invoking a Special Court of Equity and Invoking the Maximum Laws of Equity with the Intent of Specific Performance, with Specific Direction, for a Specific Purpose and a Tender of Performance Order to the United States District Court Eastern District of Michigan Southern Division and Magistrate Judge Mona K. Majzoub to Grant Relief to the Plaintiff/Cestui Que Vie Trust (docket no. 20); (4) Motion to Enforce Permanent Injunction (docket no. 25); (5) Motion to Enforce Redress for Breach of Trust (docket no. 26); (6) Motion to Enforce Right to Garnish Judgment Procured in Federal Court by Suit in State Court Having Jurisdiction in a Court of Equity Over Judgment Debtor and Redress for Breach of Trust and Permanent Injunction (docket no. 28); (7) Motion to Enforce Contempt of Court and Cease and Desist Order Due to Lack of Jurisdiction and Subject Matter in a Court of Equity (docket no. 31); (8) Motion to Compel Trustee to Enforce Trust in a Court of Equity and Redress Breach of Trust for Plaintiff(s) Claims, MCL 700.7901(a)(c), MCL 700.7401, MCL 600.8302, and MCL 600.5807 (docket no. 33); (9) Motion to Show Plausible Claim of Relief, Set of Facts, Plausible Entitlement to Relief and Response in Opposition to (Dkt #2, Dkt #30, Dkt #34) Defendants Motion to Dismiss, Motion to Vacate and Sanctions Filed by Defendants (docket no. 35); (10) Motion for Judgment on the Pleadings Under FRCP Rule 12(c), to Show Plausible Claim of Relief, Strike on Affirmative Defenses Pleaded by Defendants on Plaintiff, Set of Facts, Showing Plausible Entitlement to Relief for Plaintiff, Response and Reply in Opposition to (Dkt #2, Dkt #19, Dkt #21, Dkt #27, Dkt #30, Dkt #34, Dkt #36) Defendants Motion to Dismiss, and Motion to Vacate and Sanctions Filed by Defendants (docket no. 37); (11) Motion for an Order Compelling Disclosure or Discovery and Request for Admission of Plaintiff's Original Promissory Note From Defendants and Response and Reply in Opposition to (Dkt #37) (docket no. 39); (12) Motion to Determine Sufficiency of Defendant's Answer and Objections; for Entry of Order That the Matter and Evidence is Admitted; and for an Order Compelling Discovery; Plaintiff Brief in Support; Plaintiff's Ex Parta [sic] Affidavit in Support, and Proof of Service and Response and Reply in Opposition and Objections to (Dkt #2, #19, #21, #23, #27, #30, #34, #36, #38, #40) (docket no. 41); and (13) Motion for Scheduling Order (docket no. 43).

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant Federal Reserve Bank of Chicago's Motion to Dismiss (docket no. 2) be **GRANTED**; Plaintiff's claims against Defendant Brzezinski be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); Defendant Federal Reserve Bank of Chicago's Motion to Vacate Post-Removal State Court Writ of Garnishment and for Sanctions be **GRANTED IN PART** as set forth herein; and this matter be **DISMISSED** in its entirety. Accordingly, it is also recommended Plaintiff's Motions (docket nos. 7, 12, 20, 25, 26, 28, 31, 33, 35, 37, 39, 41, and 43) be **DENIED** as moot.

**II.    REPORT**

    **A.    Background**

The facts and circumstances of Plaintiff's claims in this matter are not readily apparent. As Defendant Federal Reserve Bank of Chicago points out, the Complaint with which it was served is not the same as the Complaint that Plaintiff filed in the state court. (*Compare* docket no. 1-2 at 3 *with* docket no. 1-3 at 1.) Nevertheless, the Complaints will be read together, for the sole purpose of resolving the instant Motions.

From what this Court can discern, it appears that Plaintiff is suing Defendants for breach of trust, breach of contract, and breach of trust with fraudulent intent on the basis that Defendants allegedly failed to perform in accordance with the terms of a $50 million promissory note, which was purportedly executed by the parties on July 23, 2017. Plaintiff describes this promissory note in the state-court Complaint as follows:

> PROMISSORY NOTE/TRUST INDENTURE RES INSTRUMENT/SECURITY AGREEMENT DATED 7/23/2017. SUBMITTED BY THE PLAINTIFF/GRANTOR/BENEFICIARY AS AN [sic] SPECIAL DEPOSIT UNDER TRUST, INVOKING A SPECIAL COURT OF EQUITY BY DECLARATION, EXERCISING PLENARY EQUITABLE JURIDICATION WITH THE INTENT OF SPECIFIC PERFORMANCE, WITH SPECIFIC

>   DIRECTION FOR A SPECIFIC PURPOSE AND TENDER OF PERFORMANCE ORDER BY GRANTOR-BENEFICIARY TO THE ACTING TRUSTEE FEDERAL RESERVE BANK OF CHICAGO/NANCY BRZEZINSKI-TRUSTEE 230 S. LASALLE ST. STE 1 CHICAGO, IL. 60604 FOR EQUITABLE RECOUPMENT, PRESENTED AS A BILL IN EQUITY, AND CLAIM OF ACTION IN EQUITY.

(Docket no. 1-3 at 1.)  Plaintiff seeks $300,000,000 in damages.

### B. Governing Law

Defendant Federal Reserve Bank of Chicago moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  (Docket no. 2.)  When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" is required to "unlock the doors of discovery."  *Id.*  To make this determination, the *Iqbal* Court set out the following two-step analysis:

>   [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

### C. Analysis

#### 1. Motion to Dismiss [2]

Defendant Federal Reserve Bank of Chicago asserts that the court should dismiss all of Plaintiff's claims with prejudice because Plaintiff's Complaint(s) fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted. (Docket no. 2 at 16-21.) Federal Rule of Civil Procedure 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendant argues that Plaintiff's Complaint(s) fails to satisfy these requirements because (1) it is impossible to determine whether the Complaint served upon Defendant or the Complaint filed with the state court is the operative Complaint in this matter, although both Complaints suffer from the same fatal defects; (2) Plaintiff's Complaint(s) does not specify which claims are brought against which defendants; and (3) there are no factual or legal allegations to support the Complaint(s). (Docket no. 2 at 16-17.) Defendant also argues that Plaintiff's claims must be dismissed under Rule 12(b)(6) because the purported promissory note conclusively disproves Plaintiff's claims, and Plaintiff fails to allege facts sufficient to support a plausible claim. (*Id*. at 18-21.) Each of Defendant's arguments holds merit.

5

The Complaint Plaintiff served upon Defendant consists of three long, incoherent paragraphs regarding the promissory note at issue, one of which appears to be an excerpt from the promissory note itself. (Docket no. 1-2 at 3.) Plaintiff's state-court Complaint consists of the above-cited description of the promissory note. (Docket no. 1-3 at 1.) Also, both Complaints list the same four claims against Defendants, in the following manner:

> PLENARY EQUITABLE JURISDICTION: MCL 600.8302
> BREACH OF TRUST CLAIM: MCL 700.7901(a)
> BREACH OF CONTRACT: MCL 600.5807
> BREACH OF TRUST WITH FRAUDULENT INTENT: SC 16-13-230, 9-12-160

(Docket no. 1-2 at 3; docket no. 1-3 at 1.) But that is the extent of Plaintiff's Complaints. They are devoid of any coherent factual or legal allegations to support the claims therein; notably, the Complaints do not contain any specific allegations of fraud. Accordingly, Plaintiff's Complaints do not meet the basic pleading standard of providing Defendants with fair notice of what the claim is. *See Conley, supra*.

Moreover, each of the above-listed claims fails on its face. For example, Mich. Comp. Laws § 600.8302 does not create a right of action; it merely provides the circumstances under which the State of Michigan's district courts have equitable jurisdiction and authority concurrent with that of the State of Michigan's circuit courts. Mich. Comp. Laws § 700.7901(a) does not exist. Also, Mich. Comp. Laws § 600.5807 provides the applicable period of limitations for breach of contract claims; it does not create a right of action for breach of contract. Additionally, Plaintiff purports to bring his claim for breach of trust with fraudulent intent under South Carolina statutory law, S.C. Code Ann. § 16-13-230, without any valid basis for doing so. Plaintiff therefore cannot state a claim under these statutes.

Nevertheless, in recognition of its responsibility to liberally construe the pleadings of *pro se* plaintiffs and hold them to a less stringent standard than similar pleadings drafted by

attorneys, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999), the Court will review Plaintiff's Complaints under the applicable state law. Mich. Comp. Laws § 700.7901(1) provides that "[a] violation by a trustee of a duty the trustee owes to a trust beneficiary is a breach of trust." Mich. Comp. Laws § 700.7901(1). And "[t]o state a breach of contract claim under Michigan law, a plaintiff must first establish the elements of a valid contract." *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003) (citing *Pawlak v. Redox Corp.,* 182 Mich. App. 758, 453 N.W.2d 304, 307 (1990)). "The elements of a valid contract in Michigan are 1) parties competent to contract, 2) a proper subject matter, 3) a legal consideration, 4) mutuality of agreement, and 5) mutuality of obligation." *Id*. (citing *Thomas v. Leja,* 187 Mich. App. 418, 468 N.W.2d 58, 60 (1990)). "Once a valid contract has been established, a plaintiff seeking to recover on a breach of contract theory must then prove by a preponderance of the evidence the terms of the contract, that the defendant breached the terms of the contract, and that the breached caused the plaintiff's injury." *Id*. (citing *Platsis v. E.F. Hutton & Co., Inc.,* 642 F. Supp. 1277, 1309 (W.D. Mich. 1986)).

Defendant Federal Reserve Bank of Chicago argues that the purported promissory note on which Plaintiff bases his claims of breach of trust and breach of contract conclusively disproves his claims, because Defendant never signed the promissory note, rather, Plaintiff forged Defendant's signature. (Docket no. 2 at 18-19.) Indeed, a review of the promissory note reveals that Plaintiff signed the promissory note on behalf of himself as "Grantor-Beneficiary," and he also signed the note on behalf of the Federal Reserve Bank of Chicago as "acting 'Trustee.'"[4] (*See* docket no. 1-3 at 6.) While the two signatures are different in that Plaintiff printed his name on his signature line but signed his name in cursive on the Federal Reserve

---

[4] The court may consider the promissory note under *Bassett, supra*, as it is referred to and incorporated into both of Plaintiff's Complaints, and it is central to Plaintiff's claims in this matter.

7

Bank's signature line, it is evident that both of these signatures were made by Plaintiff, as Plaintiff's cursive signature on the promissory note is substantially similar to his cursive signature on other documents in this matter on which Plaintiff has signed on behalf of himself. (*Compare* docket no. 1-3 at 6 *with, e.g.,* docket no. 1-2 at 5; docket no. 7 at 17; docket no. 45 at 35.) Notably, Plaintiff does not dispute the fact that he signed the promissory note on the Federal Reserve Bank's behalf; instead, he argues that it does not matter who signed the note, because the fact that Defendant received the note and did not send it back to Plaintiff constitutes a conditional acceptance. (Docket no. 32 at 12.) Plaintiff, however, has not proffered any binding authority to support his argument, and the Court finds none.

Moreover, Plaintiff's argument fails under Michigan law. "In order for there to be an enforceable agreement between the parties, there must be 'mutual assent' to be bound—that is, the parties must have a 'meeting of the minds' on all the essential elements of the agreement." *Huntington Nat. Bank v. Daniel J. Aronoff Living Tr.*, 305 Mich. App. 496, 508, 853 N.W.2d 481, 488 (2014). But where a signature on a contract is forged, it cannot signify a meeting of the minds, which is fatal to a breach of contract claim. *See PNC Bank, Nat'l Ass'n v. Goyette Mech. Co., Inc.*, 140 F. Supp. 3d 623, 629-30 (E.D. Mich. 2015); *see also Fed. Deposit Ins. Corp. v. Fedorov*, No. 10–11061, 2010 WL 2944569, at *4 (E.D. Mich. July 22, 2010) (finding that forgery defeats a breach of contract claim because, if true, there is no mutuality of agreement).

Furthermore, "Michigan's Statute of Frauds expressly forbids enforcement of a financial contract that is not in writing and signed by an authorized representative of the financial institution." *Pittman v. Experian Info. Sols., Inc.*, 223 F. Supp. 3d 684, 688 (E.D. Mich. 2016) (citing Mich. Comp. Laws § 566.132(2)). Specifically, the Statute provides that "[a]n action shall not be brought against a financial institution to enforce . . . promises or commitments of the

8

financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution," including a "promise or commitment to lend money, grant or extend credit, or make any other financial accommodation." Mich. Comp. Laws § 566.132(2)(a). Accordingly, a party seeking to enforce a promise or commitment must show that the financial institution actually agreed to the essential terms of the promise or commitment and that the agreement was properly signed. *Huntington*, 305 Mich. App. at 510-11, 853 N.W.2d at 489.

Here, it is undisputed that (1) Plaintiff forged the signature of Defendant Federal Reserve Bank of Chicago on the promissory note by signing his own name on the signature line reserved for Defendant; and (2) no authorized representative of Defendant Federal Reserve Bank of Chicago signed the purported promissory note. Under these undisputed facts, Plaintiff cannot demonstrate the mutuality of agreement required to establish the existence of a valid, enforceable contract and to thereby state a claim for breach of contract under Michigan law. Plaintiff also cannot show the existence of any fiduciary duty on the part of Defendant sufficient to state a claim for breach of trust on these facts. Accordingly, Plaintiff's has failed to state a claim against Defendant Federal Reserve Bank of Chicago.

As discussed above, Plaintiff's Complaints, considered in conjunction with the alleged promissory note incorporated therein, do not meet the basic pleading requirements of Federal Rule of Civil Procedure 8, and they otherwise fail to state a claim against Defendant Federal Reserve Bank of Chicago upon which relief may be granted. Accordingly, Defendant Federal Reserve Bank of Chicago's Motion to Dismiss should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Although Defendant Brzezinski has not appeared in this matter and does not join in Defendant Federal Reserve Bank of Chicago's Motion, much of the above analysis applies equally to Defendant Brzezinski, as Plaintiff has failed to allege facts sufficient to show a binding contractual or fiduciary relationship between Defendant Brzezinski and Plaintiff. Accordingly, Plaintiff's claims against Defendant Brzezinski should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[5] Therefore this matter should be dismissed in its entirety, with prejudice.

       2.  *Motion to Vacate Writ of Garnishment and for Sanctions [23]*

    a.  <u>Motion to Vacate</u>

Following the October 4, 2017 removal of this matter from the Third Judicial Circuit Court to this court, the state court entered a Writ of Garnishment against Defendants on October 20, 2017, on Plaintiff's request. (Docket no. 23-3 at 2.) Plaintiff framed his request on the false assertion that he received a judgment against Defendants for $300,000,000 on September 28, 2017. (*Id.*) In actuality, however, the record reflects that Plaintiff had previously requested and received a premature entry of default and a writ of garnishment against Defendants in the state court for failure to respond to Plaintiff's Complaint, which were later set aside and vacated as clerical errors. (*See* docket no. 23-3 at 4; docket no. 23-4.) There was never any judgment entered against Defendants in the state court.

Defendant Federal Reserve Bank of Chicago now moves this court pursuant to Federal Rule of Civil Procedure 60 to vacate the post-removal writ of garnishment entered by the state court on the following grounds: (1) "the case was properly removed to federal court before the writ was entered;" (2) "there is no judgment upon which a post-judgment writ could be entered;"

---

[5] Pursuant to 28 U.S.C. § 1915, a district court has a duty to *sua sponte* dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

10

and (3) "the writ was procured by Plaintiff's false submission to the state court which misrepresented that a vacated entry of default was still in force." (Docket no. 23 at 9.)

Pursuant to 28 U.S.C. § 1446(d), after a copy of a notice of removal is filed with a state court, the entire case is transferred to federal court, and the state court is deprived of jurisdiction and "shall proceed no further unless and until the case is remanded." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993); 28 U.S.C. § 1446(d). Accordingly, "[a]ny state court action after the filing of the removal notice is void ab initio." *Preferred Rehab., Inc. v. Allstate Ins. Co.*, No. 09-CV-11409, 2010 WL 3488673, at *4–5 (E.D. Mich. Sept. 1, 2010) (quoting 16 Moore's Fed. Practice ¶ 107.31[2] (3d ed. 2010)). *See also* Fed. R. Civ. P. 60(b)(4); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citation omitted) (a judgment is void and may be set aside if the court that rendered it lacked jurisdiction of the subject matter).

Here, Defendant removed this matter from the state court to this court on October 4, 2017. The state court then entered the writ of garnishment at issue on October 20, 2017. Thus, the state court lacked jurisdiction over this matter at the time it entered the Writ of Garnishment, the Writ of Garnishment is void, and it should be vacated. Defendant's Motion should therefore be granted in this regard.

b. Motion for Sanctions

Defendant Federal Reserve Bank of Chicago also moves the court to impose sanctions on Plaintiff pursuant to its inherent authority for what it characterizes as Plaintiff's repeated bad faith and vexatious actions, including: (1) filing fourteen motions and other requests for affirmative relief in the state court following removal of the case to this court; (2) knowingly making false statements in filed documents; and (3) filing numerous frivolous motions and requests for default in this court. (Docket no. 23 at 2.) Defendant also requests that the court

11

order Plaintiff not to file any additional documents in the state-court action as well as declare Plaintiff a vexatious litigant and order that Plaintiff must obtain permission before filing any future federal lawsuits regarding the same factual matter or any future requests for affirmative relief in the instant matter. (*Id.* at 2-3.)

A court may exercise its inherent powers to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).  But "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.  The Sixth Circuit has held that [t]he imposition of inherent power sanctions requires a finding of bad faith or conduct tantamount to bad faith." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (internal citations and quotation marks omitted).

As Defendant asserts, Plaintiff has improperly filed numerous post-removal motions in the state court (*see* docket no. 23-2 at 2), and he has also filed over twenty motions, requests for default and default judgment, and other documents in this court that are, for the most part, substantively irrational and incoherent, duplicative, procedurally improper, and non-conforming with the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Michigan's Local Rules.  And some of these filings include false representations, *e.g.*, Plaintiff's state-court Request for Writ of Garnishment discussed above, which Plaintiff sought based on a default judgment that he never actually received.

Plaintiff's voluminous filings and other actions have unreasonably and vexatiously multiplied these proceedings, and they are an abuse of the judicial process; but there is simply no evidence that Plaintiff's actions occurred in bad faith.  Conversely, Plaintiff's actions appear to

be a result of a general ignorance of proper legal practice and procedure, specifically, the Federal Rules of Civil Procedure and the Local Rules of this court. In light of Plaintiff's *pro se* status, the lack of bad faith evidence, and the fact that Plaintiff has not yet been warned by this court of the consequences of filing frivolous documents and failing to comply with the Federal and Local Rules, the undersigned declines to recommend sanctions under the court's inherent authority at this juncture.

The undersigned does recommend, however, that Plaintiff be ordered to cease filing documents related to this action in the state-court; to cease filing frivolous motions and other frivolous documents related to this action in this court; and to comply with the Federal Rules of Civil Procedure and the Local Rules of this court in any future proceedings or filings related to this action. It is also recommended that Plaintiff be warned that his failure to comply with the above-recommended court orders will result in monetary or other sanctions issued pursuant to the Federal Rules of Civil Procedure or the court's inherent authority.

### D.     Conclusion

For the above-stated reasons, the court should **GRANT** Defendant Federal Reserve Bank of Chicago's Motion to Dismiss (docket no. 2); **DISMISS** Plaintiff's claims against Defendant Brzezinski pursuant to 28 U.S.C. § 1915(e)(2)(B); **GRANT IN PART** Defendant Federal Reserve Bank of Chicago's Motion to Vacate Post-Removal State Court Writ of Garnishment and for Sanctions as set forth herein; and **DISMISS** this matter in its entirety. Accordingly, the court should also **DENY** Plaintiff's Motions (docket nos. 7, 12, 20, 25, 26, 28, 31, 33, 35, 37, 39, 41, and 43) as moot.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 18, 2018            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Dashonta D. Warren and counsel of record on this date.

Dated:  July 18, 2018        s/ Leanne Hosking
                                    Case Manager