UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASHONTA D. WARREN,

    Plaintiff,

v.

                              Case No. 17-13256
                              Honorable Linda V. Parker

FEDERAL RESERVE BANK OF
CHICAGO AND
NANCY BRZEZINSKI,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S JULY 18, 2018 REPORT AND RECOMMENDATION, (2) ADOPTING MAGISTRATE JUDGE'S JULY 18, 2018 REPORT AND RECOMMENDATION GRANTING DEFENDANT FEDERAL RESERVE BANK OF CHICAGO'S MOTION TO DISMISS (ECF NO. 2) AND GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT FEDERAL RESERVE BANK OF CHICAGO'S MOTION TO VACATE POST-REMOVAL STATE COURT WRIT OF GARNISHMENT AND FOR SANCTIONS (ECF NO. 23), AND (3) DENYING, AS MOOT, PLAINTIFF'S REMAINING MOTIONS (ECF NOS. 7, 12, 20, 25, 26, 28, 31, 33, 35, 37, 39, 41, & 43)</u>**

On August 31, 2017, Plaintiff Dashonta D. Warren initiated this lawsuit against Defendant Federal Reserve Bank of Chicago[1] and Nancy Brzezinski in the Third Circuit Court for the County of Wayne, Michigan. (ECF No. 1.) Plaintiff

---

[1] For purposes of this Opinion and Order, "Defendant" will refer to the Federal Reserve Bank of Chicago.

alleges state law claims of breach of contract, breach of trust, breach of fiduciary duty, and breach of trust with fraudulent intent for a fifty million dollar promissory note Plaintiff allegedly entered into with Defendant. (ECF No. 1-2 at Pg ID 7.) On October 4, 2017, Defendant removed this action to federal court. (ECF No. 1.) This matter is presently before the Court on Defendant's Motion to Dismiss, filed October 6, 2017, and Motion to Vacate Post-Removal State Court Writ of Garnishment and for Sanctions, filed November 10, 2017. (ECF Nos. 2 & 23.) This matter has been referred for all pretrial matters to Magistrate Judge Mona K. Majzoub.

Plaintiff currently has thirteen motions pending before this Court. (ECF Nos. 7, 12, 20, 25, 26, 28, 31, 33, 35, 37, 39, 41, & 43.) On July 18, 2018, Magistrate Judge Majzoub issued a report and recommendation ("R&R") recommending that this Court grant Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). (ECF No. 57.) At the conclusion of the R&R, Magistrate Judge Majzoub informed the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on July 27, 2018. (ECF No. 48.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo*

2

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Analysis**

The Court has reviewed Plaintiff's objections to Magistrate Judge Majzoub's decision granting Defendant's motion to dismiss and motion to vacate the state writ of garnishment[2] and rejects Plaintiff's objections. Plaintiff requests that the Court take judicial notice of the Just Compensation Clause of the Fifth Amendment and that Defendant Brzezinski was served. (ECF No. 48 at Pg ID 1119.) However, these objections do not provide a basis for the Court to reject the R&R. As Magistrate Judge Majzoub concluded, Plaintiff's Complaint fails

---

[2] Plaintiff did not object to Magistrate Judge Majzoub's decision on the motion to vacate.

because Plaintiff cannot show mutuality of agreement as Plaintiff forged Defendant's signature on the promissory note. Moreover, Magistrate Judge Majzoub found that Plaintiff's Complaint does not meet the basic pleading requirements of Federal Rule of Procedure 8(a)(2). Therefore, this Court is affirming Magistrate Judge Majzoub's decision granting Defendant's motion to dismiss.

As to Plaintiff's second objection, even if Defendant Brzezinski was properly served, that would not prevent Plaintiff's Complaint from being dismissed. As articulated by Magistrate Judge Majzoub and stated above, Plaintiff's Complaint fails to state a claim for which relief can be granted. Magistrate Judge Majzoub extensively analyzed Plaintiff's claims pursuant to Rule 12(b)(6) and found that Defendant never signed the promissory note. As such, whether Defendant Brzezinski was served is irrelevant. (*See* ECF No. 47 at Pg ID 1109.)

The Court, therefore, is rejecting Plaintiff's objections to the R&R and adopting Magistrate Judge Majzoub's recommendation.

Accordingly,

**IT IS ORDERED** that the Court **REJECTS** Plaintiff's objections and **ADOPTS** Magistrate Judge Mona K. Majzoub's July 18, 2018 Report and Recommendation (ECF No. 47); and

**IT IS FURTHER ORDERED** that Defendant Federal Reserve Bank of Chicago's Motion to Dismiss (ECF No. 2) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**; and

**IT IS FURTHER ORDERED** that Defendant Federal Reserve Bank of Chicago's Motion to Vacate Writ of Garnishment and for Sanctions (ECF No. 23) is **GRANTED, in part, and DENIED, in part**; and

**IT IS FURTHER ORDERED** that the motion to vacate is granted to the extent that the state writ of garnishment entered in this matter before the Wayne County Third Judicial Circuit Court is **VACATED**; and

**IT IS FURTHER ORDERED** that the motion to vacate is denied as to sanctions being imposed at this time; and

**IT IS FURTHER ORDERED** that Plaintiff's remaining Motions (ECF Nos. 7, 12, 20, 25, 26, 28, 31, 33, 35, 37, 39, 41, & 43) are **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff shall obtain leave of Court before filing any motions in this matter; and

**IT IS FURTHER ORDERED** that failure to comply with this order shall result in sanctions, including monetary sanctions, as deemed appropriate by the

Court.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 29, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 29, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager